Gerald SAUER, Plaintiff—Appellant,

v.

MCDONALD'S CORPORATION,
a Delaware corporation,
Defendant—Appellee.

No. 04-16772.

United States Court of Appeals,
Ninth Circuit.

Submitted July 28, 2006.*

Decided Aug. 1, 2006.

Marshall A. Martin, Esq., Law Offices, Scottsdale, AZ, for Plaintiff–Appellant.

Michael P. Berman, Brown & Bain, P.A., Phoenix, AZ, for Defendant–Appellee.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and BERTELSMAN* * *, Senior District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gerald Sauer (Sauer) appeals the district court's order granting summary judgment in favor of McDonald's Corporation (McDonald's) on Sauer's claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*

McDonald's produced statistical evidence establishing that its corporate restructuring, and the methods used to effectuate it, did not have a disparate impact on persons at least 40 years of age. Sauer produced no evidence, apart from his own bare allegations, to demonstrate otherwise. In view of the record before it, the district court properly determined that there was no evidence from which a reasonable juror could conclude that McDonald's conduct had a significant impact on the protected class. *See Pottenger v. Potlatch,* 329 F.3d 740, 749 (9th Cir.2003).

McDonald's also articulated legitimate non-discriminatory reasons for its refusal to re-hire Sauer: his mediocre prior performance and his low assessment score, calculated in conjunction with the corporate restructuring.

Sauer's argument that McDonald's proffered reason is pretextual is unavailing. In comparison to his peers, Sauer's work history was average at best. Additionally, the assessment form used as part of the restructuring focused on different characteristics than the annual evaluations, and it is legitimate for a company to use different criteria in such circumstances. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1287 (9th Cir.2000). Most significantly, even if McDonald's rationale was pretextual, Sauer failed to demonstrate how it was a pretext for *age* discrimination, which he

---

must do. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.") (emphasis in the original). By failing to demonstrate how McDonald's discriminated *on the basis* of age, Sauer failed to raise a material factual issue. *See Coleman,* 232 F.3d at 1286–87.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.